UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEVIN L. HENDRICKSON,

    Plaintiff,

  v.

FRANK E. CUTHBERTSON, *et al.*,

    Defendants.

Case No. C07-5692 BHS/KLS

ORDER TO SHOW CAUSE

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff has been granted leave to proceed *in forma pauperis*. Before the Court for review is Plaintiff's proposed civil rights complaint in which Plaintiff names a Pierce County Superior Court Judge, a prosecutor, attorney and the Attorney General of Washington. (Dkt. # 1). Plaintiff has brought this action under 42 U.S.C. § 1983, but appears to challenge the validity of a 2006 conviction. The Court finds that Plaintiff must show cause why his complaint should not be dismissed for failure to state a claim under 42 U.S.C. § 1983.

**I. DISCUSSION**

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the

ORDER - 1

conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams,* 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

A Section 1983 plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

When a person confined by government is challenging the very fact or duration of his physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  In order to recover damages for an alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994).  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id*.

Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id*.  If the court concludes that the

ORDER - 2

challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting Edwards v. Balisok*, 520 U.S. 641 (1997)).

In this case, Plaintiff seeks $1.5 million in compensatory damages resulting from his alleged illegal incarceration. (Dkt. # 1, p. 16). Plaintiff alleges that his conviction was dismissed with prejudice on March 13, 2006, at the request of the state prosecutor so they could determine if certain charges should be re-filed against him. (*Id*., p. 3). Plaintiff alleges further that, on April 14, 2006, the state prosecutor filed an amended motion and order dismissing only one count. (*Id*.). Plaintiff alleges that the second amended motion and order was illegally backdated and that the state court judge court lacked jurisdiction to sign the order. (*Id*.).

As Plaintiff is challenging the validity of his conviction, then it appears his challenge must be brought as a petition for a writ of habeas corpus and not as a complaint under § 1983. The Court also notes that Plaintiff has twice filed habeas petitions based on these same facts in this Court. *See* Case No. C06-5331RBL and C06-5571FDB. The cases were dismissed without prejudice for failure to exhaust as Plaintiff's appeals were pending in the Washington appellate courts. (*See e.g.,* Case No. C06-5331RBL, Dkt. # 7-1, p. 11; Case No. C06-5571FDB; Dkt. # 15, p. 2).[1]

Accordingly, it is **ORDERED:**

1. Plaintiff shall show cause why this complaint should not be dismissed for failure to state a claim under § 1983. A response is due by **January 25, 2008.** If Plaintiff fails to file a response or the response shows the Plaintiff cannot go forward the Court will enter a report and

---

[1] As Plaintiff is now well aware, there is an exhaustion requirement in federal court for habeas actions. In order to satisfy the exhaustion requirement, petitioner's claims must have been fairly presented to the state's highest court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985). If Plaintiff proceeds with a habeas petition, he must first show that he has completed the appeals process at the Washington state court level.

ORDER - 3

recommendation that the Complaint be dismissed.

      2.    The Court Clerk is directed to send a copy of this Order to Plaintiff.

DATED this  2nd day of January, 2008.

 

Karen L. Strombom
United States Magistrate Judge

ORDER - 4