1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

11
12
13
14
15
16
17

KEVIN L. HENDRICKSON,

Plaintiff,

v.

FRANK E. CUTHBERTSON, *et al.*,

Defendants.

Case No. C07-5692 BHS/KLS

REPORT AND RECOMMENDATION

**NOTED FOR:**
**March 21, 2008**

18
19
20
21
22
23
24
25
26
27
28

This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Plaintiff was given leave to proceed *in forma pauperis*.  (Dkt. # 3).   On January 2, 2008, Plaintiff filed his Complaint against a Pierce County Superior Court Judge, a prosecutor, his attorney and the Attorney General of Washington, seeking monetary damages of $1.5 million based on his illegal incarceration, loss of liberty, personal property and mental anguish. (Dkt. # 1).

On January 2, 2008, Plaintiff was ordered to show cause why his complaint should not be dismissed for failure to state a claim under 42 U.S.C. § 1983.  Plaintiff filed his response and exhibit in support.  (Dkt. # 7 and 8).  Having carefully reviewed Plaintiff's response and the balance

REPORT AND RECOMMENDATION - 1

1   of the record, the Court recommends that Plaintiff's Complaint should be dismissed without

2   prejudice.

3   **I. DISCUSSION**

4   In his Complaint, Plaintiff seeks damages in the amount of $1.5 million based on his alleged

5   illegal incarceration resulting from entry of an amended indictment for possession of stolen

6   property in the first degree.  (Dkt. # 4, Exh. C).  Plaintiff alleges that on August 24, 2004, an

7   information was filed against him in the Superior Court of Pierce County, Washington in Case No.

8   04-1-04088-6.  *Id.*  On January 20, 2006, Defendant Platt filed a Third Amended Information

9   against Plaintiff, which added Count XIII, charging Possessing Stolen Property in the First Degree

10   in Case No. 04-1-04088-6[1].  *Id.*, Exh. C.  On March 13, 2006, after the jury was unable to reach a

11   unanimous verdict, Defendant Platt brought a motion to dismiss the case in its entirety without

12   prejudice (on the grounds and for the reason that the State is currently evaluating the feasibility of

13   retrying this case at this time). *Id.*   The Order dismissing the case was signed by Defendant

14   Superior Court Judge Frank Cuthbertson. *Id.*, Exh. A.   On April 14, 2006, Defendant Platt brought

15   a second motion and order for dismissal without prejudice, which dismissed only Count I without

16   prejudice ("for the reason that the state anticipates that some counts will be retired after appeal and

17   this count can be refiled at the same time").  *Id.*, Exh. B.  Judge Cuthbertson signed this Order on

18   April 14, 2006 *nunc pro tunc* to March 8, 2006.  *Id.*

19   Plaintiff argues that the Superior Court lacked jurisdiction to sign the Order *nunc pro tunc*

20   on April 14, 2006 and that the only way to regain jurisdiction at that time was for the State to have

21   refiled the information or indictment against him.  (Dkt. # 4, p. 3).

22

23   [1]Additional background facts may be found at *State v. Hendrickson*, 158 P.3d 1257 (Wash.
24   App. 2007), involving Mr. Hendrickson's appeal of his conviction for three counts of second degree
     identity theft.  Mr. Hendrickson is a tow truck driver who stored financial information, some
25   belonging to clients, in a stolen trailer.  (*Id.*, p. 1258).  The Court of Appeals mentions the charge of
     possession of stolen property, Count I (the subject of the *nunc pro tunc* order at issue here), noting
26   that the jury did not reach a unanimous verdict and the State dismissed Count I without prejudice.
     However, the validity of the *nunc pro tunc* order is not part of Mr. Hendrickson's appeal in this
27   appellate decision.  *Id.*

28   REPORT AND RECOMMENDATION - 2

1         On January 2, 2008, after its initial review of Plaintiff's Complaint, the Court ordered the

2   Plaintiff to show cause why his Complaint should not be dismissed for failure to state a claim under

3   42 U.S.C. § 1983.  (Dkt. # 5).  Plaintiff was advised that in order to state a claim under 42 U.S.C. §

4   1983, a complaint must allege that (l)  the conduct complained of was committed by a person acting

5   under color of state law and that (2)  the conduct deprived a person of a right, privilege, or

6   immunity secured by the Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527,

7   535 (1981), *overruled on other grounds*, *Daniels v. Williams,* 474 U.S. 327 (1986).  Section 1983 is

8   the appropriate avenue to remedy an alleged wrong only if both of these elements are present.

9   *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

10        When a person confined by government is challenging the very fact or duration of his

11  physical imprisonment, and the relief he seeks will determine that he is or was entitled to immediate

12  release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas

13  corpus.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  In order to recover damages for an alleged

14  unconstitutional conviction or imprisonment, or for other harm caused by actions whose

15  unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the

16  conviction or sentence has been reversed on direct appeal, expunged by executive order, declared

17  invalid by a state tribunal authorized to make such determination, or called into question by a

18  federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  *Heck v. Humphrey,* 512 U.S.

19  477, 486-87 (1994).  A claim for damages bearing that relationship to a conviction or sentence that

20  has not been so invalidated is not cognizable under § 1983.  *Id*.

21        Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider

22  whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction

23  or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that

24  the conviction or sentence has already been invalidated.  *Id*.  If the court concludes that the

25  challenge would necessarily imply the invalidity of the judgment or continuing confinement, then

26  the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983."

27  *Butterfield v. Bail*,  120 F.3d 1023, 1024 (9th Cir.1997) (*quoting Edwards v. Balisok*, 520 U.S. 641

28  REPORT AND RECOMMENDATION - 3

1 | (1997)).

2 | The Court also noted that Plaintiff has twice filed habeas petitions based on these same facts

3 | in this Court.  *See* Case No. C06-5331RBL and C06-5571FDB.  The cases were dismissed without

4 | prejudice for failure to exhaust as Plaintiff's appeals were pending in the Washington appellate

5 | courts.  (*See e.g.,* Case No. C06-5331RBL, Dkt. # 7-1, p. 11; Case No. C06-5571FDB; Dkt. # 15, p.

6 | 2).

7 | Plaintiff argues that the Court misinterprets the nature of his claims because he is not

8 | challenging the validity of his conviction, "but rather the actions of persons representing the state of

9 | Washington that were done without jurisdiction."  (Dkt. # 6).  Plaintiff also states that the "validity

10 | issues is now before the Washington State Supreme Court.[2]"  *Id.*

11 | The Court understands that Plaintiff has brought a claim for money damages and is not

12 | seeking relief in habeas.  However, because Plaintiff is claiming that Defendants' conduct resulted

13 | in his illegal incarceration, he must first challenge his allegedly illegal conviction or imprisonment

14 | and must exhaust his claims by presenting them to the state's highest court, before he may recover

15 | damages for any such illegal conviction and imprisonment in a Section 1983 case.  Plaintiff has

16 | advised the Court that a challenge to the validity of his conviction is currently pending before the

17 | Washington Supreme Court.  (Dkt. # 6).

18 | Accordingly, Plaintiff's claim for damages in this case relating to his claim that the *nunc pro*

19 | *tunc* order was entered without jurisdiction and resulted in his illegal incarceration that has not yet

20 | been invalidated, is not cognizable under§ 1983 and must be dismissed.  *See, Balisok*, 510 U.S. at

21 | 649; *Heck*, 620 U.S. at 487; *Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995)(per

22 | curiam).

23 |

24 |

25 |

26 |

27 | [2]*See State v. Hendrickson*, 158 P.3d 1257 (May 1007), Washington Court of Appeals
affirmed in part, reversed in part and remanded Plaintiff's convictions

28 | REPORT AND RECOMMENDATION - 4

1

**II.  CONCLUSION**

2     Plaintiff's case fails to state a claim and must be **DISMISSED WITHOUT PREJUDICE.**

3 Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the

4 parties shall have ten (10) days from service of this Report and Recommendation to file written

5 objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those

6 objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time

7 limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **March 21,**

8 **2008**, as noted in the caption.

9

10     DATED this   4th   day of March, 2008.

11

12

13

14                                              Karen L. Strombom

15                                              United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28 REPORT AND RECOMMENDATION - 5